UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTA M. KINCAID, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13-cv-07279 |
| v. | ) | |
| | ) | Judge John F. Grady |
| MENARD, INC., | ) | |
| | ) | Magistrate Judge Sheila M. Finnegan |
| Defendant. | ) | |

**DEFENDANT MENARD, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW**

Now comes, Defendant MENARD, INC., through its counsel, LEWIS BRISBOIS BISGAARD & SMITH, and for its Answer to Plaintiff's Complaint at Law, states as follows:

1. On and prior to September 9, 2011, MENARD, was an Illinois Foreign Corporation, in good standing with the Illinois Secretary of State.

**ANSWER:** **Defendant, MENARD, INC., admits the allegations in Paragraph 1 of Plaintiff's Complaint at Law.**

2. On and prior to September 9, 2011, MENARD, was doing business in the City of Chicago, County of Cook, and State of Illinois.

**ANSWER:** **Defendant, MENARD, INC., admits the allegations in Paragraph 2 of Plaintiff's Complaint at Law.**

3. On and prior to September 9, 2011, Plaintiff, KRISTA M. KINCAID, was a resident of the County of Sangamon and State of Illinois.

**ANSWER:** **Upon information and belief, Defendant, MENARD, INC., admits the allegations contained in Paragraph 3 of Plaintiff's Complaint at Law.**

4. On and prior to September 9, 2011, and for a time prior thereto, Defendant, MENARD, owned and/or maintained or had a duty to maintain, both individually and by and/or

through its agents, servants and/or employees, a building located at 3325 South Veterans Parkway, in the City of Springfield, County of Sangamon, State of Illinois.

**ANSWER:** **Defendant, MENARD, INC., admits it owned a building located at 3325 South Veterans Parkway, in the City of Springfield, County of Sangamon, State of Illinois; admits only those duties imposed by law, and specifically denies any breach thereof.**

5. That on September 9, 2011 at approximately 6:00 a.m., Plaintiff, KRISTA M. KINCAID, was lawfully on said premises located at 3325 South Veterans Parkway, in the City of Springfield, County of Sangamon, State of Illinois.

**ANSWER:** **Defendant, MENARD, INC., has insufficient knowledge to either admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint at Law and demands strict proof thereof.**

6. That on and prior to September 9, 2011, Defendant, MENARD, had a duty to keep its premises safe for those lawfully on the premises to include Plaintiff herein, KRISTA M. KINCAID.

**ANSWER:** **Defendant, MENARD, INC., admits only those duties imposed by law and specifically denies any breach thereof.**

7. Notwithstanding its duty, MENARD, by and through its agents, servants and/or employees, allowed its indoor lumbar yard overhead exit door to remain broken and in disrepair for an unreasonable period of time and thus created a dangerous condition and as a result Plaintiff, KRISTA M. KINCAID, injured herself.

**ANSWER:** **Defendant, MENARD, INC., denies the allegations in Paragraph 7 of Plaintiff's Complaint at Law.**

8. At the aforesaid time and place, Defendant, MENARD, as the owner and/or

maintainer of the aforementioned premises, either individually or by and through its agents, servants and/or employees, acted with less than reasonable care and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

a. Improperly operated, managed, maintained and controlled its premises in allowing its indoor lumbar yard overhead exit door to remain in a dangerous and poor condition;
b. Failed to make a reasonable inspection of its premises when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Plaintiff and others lawfully on said premises;
c. Failed to repair or otherwise correct a hazard on its premises;
d. Failed to provide adequate safeguards to prevent Plaintiff from injury while Plaintiff was lawfully upon said premises; and
e. Was otherwise negligent in failing to keep its premises safe.

**ANSWER:** **Defendant, MENARD, INC., denies the allegations contained in Paragraph 8 of Plaintiff's Complaint at Law, including each and every subparagraph (a) - (e) thereto.**

9. As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant, MENARD, Plaintiff, KRISTA M. KINCAID, sustained serious and permanent injuries when she tried opening the broken exit door on said premises; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to be healed and cured of her maladies; suffered, and will in the future continue to suffer, great pain, anguish, physical and mental suffering; and was deprived of earnings to which she might have otherwise been entitled.

**ANSWER:** **Defendant, MENARD, INC., denies the allegations in Paragraph 9 of Plaintiff's Complaint at Law.**

WHEREFORE, Defendant, MENARD, INC., denies that Plaintiff is entitled to any recovery whatsoever, and requests that this Honorable Court dismiss plaintiff's claims, enter judgment in favor of MENARD, INC. and against the Plaintiff, and order whatever additional relief it deems just,

including costs.

## AFFIRMATIVE DEFENSES

Now comes, Defendant, Menard, Inc. through its attorneys, LEWIS BRISBOIS BISGAARD & SMITH and for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

### FIRST AFFIRMATIVE DEFENSE
### CONTRIBUTORY NEGLIGENCE

1. At the time and place of the occurrence alleged in the Plaintiff's Complaint, 735 ILCS 5/2-1116 was in effect and bars any recovery when a plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery is sought.

2. At the time of the occurrence the plaintiff was then and there guilty of one or more of the following acts or omissions:

   a. Carelessly and negligently failed to seek assistance in opening the gate when she was physically unfit to perform the job requirements of a gate guard;
   b. Carelessly and negligently failed to use reasonable care when opening the gate; and
   c. Was otherwise careless and negligent.

3. Any injury sustained by the plaintiff for over 50% proximately caused by one or more of the above captioned careless and negligent acts and/or omissions.

4. This action is therefore barred because of the plaintiff's contributory negligence pursuant to 735 ILCS 5/2-1116.

### SECOND AFFIRMATIVE DEFENSE
### COMPARATIVE NEGLIGENCE

1. At the time of the occurrence alleged in the Plaintiff's Complaint, the doctrine of comparative negligence was in full force and effect.

2. At the time and place of the occurrence, the Plaintiff was then and there guilty of one or more of the following wrongful acts and/or omissions:

      a. carelessly and negligently failed to seek assistance in opening the gate when she was physically unfit to perform the job requirements of a gate guard;
      b. Carelessly and negligently failed to use reasonable care when opening the gate; and
      c. Was otherwise careless and negligent.

3. That in the event that the plaintiff was injured, said injury was directly and proximately caused by one or more of the above mentioned careless and negligent acts and/or omissions on the part of the plaintiff and therefore this action is barred.

4. That any award should be reduced by the plaintiff's commensurate percentage of fault pursuant to the comparative negligence doctrine.

WHEREFORE, Defendant, MENARD, INC., request that this Honorable Court dismiss the Plaintiff's complaint and with costs. Alternatively, Defendants request that any judgment entered against it be commensurate with the relative degree of fault by the found by trier of fact.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH**

*/s/ Martha J. Heiberger*
Martha J. Heiberger, Esq., ARDC No. 6286373
Timothy Young, Esq., ARDC No. 6192231
Nicole Sorell, Esq., ARDC No. 6307055
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Phone: (312) 345-1718
Fax: (312) 345-1778
Martha.Heiberger@lewisbrisbois.com
Timothy.Young@lewisbrisbois.com
Nicole.Sorell@lewisbrisbois.com

Attorneys for Defendant, Menard, Inc.